UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DARREN VINCENT FORD,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>J. LEWIS, et al.,<br><br>　　　　　Defendants. | No. 2:17-cv-0130-WBS-AC P<br><br><br>ORDER |

Plaintiff, a state prisoner proceeding pro se, seeks relief pursuant to 42 U.S.C. § 1983 and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.

I. <u>Application to Proceed In Forma Pauperis</u>

Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). ECF No. 2. Accordingly, the request to proceed in forma pauperis will be granted.

Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). By this order, plaintiff will be assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court. Thereafter, plaintiff will be obligated for monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account.

1

These payments will be forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

> II. Statutory Screening of Prisoner Complaints

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are "frivolous, malicious, or fail[] to state a claim upon which relief may be granted," or that "seek[] monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b).

A claim "is [legally] frivolous where it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). "[A] judge may dismiss . . . claims which are 'based on indisputably meritless legal theories' or whose 'factual contentions are clearly baseless.'" Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989) (quoting Neitzke, 490 U.S. at 327), superseded by statute on other grounds as stated in Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000). The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. Franklin, 745 F.2d at 1227-28 (citations omitted).

"Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (alteration in original) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). "Failure to state a claim under § 1915A incorporates the familiar standard applied in the context of failure to state a claim under Federal Rule of Civil Procedure 12(b)(6)." Wilhelm v. Rotman, 680 F.3d 1113, 1121 (9th Cir. 2012) (citations omitted). In order to survive dismissal for failure to state a claim, a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555 (citations omitted). "'[T]he pleading must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally

2

cognizable right of action.'" Id. (alteration in original) (quoting 5 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1216 (3d ed. 2004)).

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hosp. Bldg. Co. v. Trs. of the Rex Hosp., 425 U.S. 738, 740 (1976) (citation omitted), as well as construe the pleading in the light most favorable to the plaintiff and resolve all doubts in the plaintiff's favor, Jenkins v. McKeithen, 395 U.S. 411, 421 (1969) (citations omitted).

III.    Complaint

The complaint alleges that defendants Deputy Director of Health J. Lewis and Program Assistant T. Hernandez violated plaintiff's rights under the Eighth Amendment.[1] ECF No. 1 at 2. Specifically, plaintiff alleges that he was denied mental health care and timely medical care after he broke his hand. Id. at 3-4.

Plaintiff alleges that he broke his hand on August 21, 2014, while out on the patio, and did not receive assistance from the staff while out on the patio or when he was escorted to his cell.[2] Id. at 3. He remained unattended for five hours until correctional officers escorted him to S.E.M.S. Emergency, where he finally received care. Id. Plaintiff later filed a grievance

---

[1] To the extent plaintiff seeks relief under both the Eighth and Fourteenth Amendments based on the denial of medical and mental health care, the Eighth Amendment's Cruel and Unusual Punishment Clause governs here because plaintiff's incarceration in the California Department of Corrections and Rehabilitation indicates that he is a convicted prisoner rather than a pretrial detainee. Castro v. City of Los Angeles, 833 F.3d 1060, 1067-68 (9th Cir. 2016) ("Inmates who sue prison officials for injuries suffered while in custody may do so under the Eighth Amendment's Cruel and Unusual Punishment Clause, or if not yet convicted, under the Fourteenth Amendment's Due Process Clause." (citing Bell v. Wolfish, 441 U.S. 520, 535 (1979))).

[2] Plaintiff has identified several other individuals in his complaint as witnesses and does not appear to intend them as defendants. If plaintiff wishes to bring a claim against these individuals, if he chooses to amend the complaint he must identify them as defendants.

regarding this occurrence that defendants denied on two separate levels of review. Id. Due to the five-hour delay in medical care, plaintiff claims to have experienced "pain, swelling, psychological suffering of anxiousness," and worrying about death, and now has a deformity in his hand and reduced usage. Id. at 3-4.

IV. Failure to State a Claim

    A. Deliberate Indifference

"[T]o maintain an Eighth Amendment claim based on prison medical treatment, an inmate must show 'deliberate indifference to serious medical needs.'" Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006) (quoting Estelle v. Gamble, 429 U.S. 97, 104 (1976)). This requires plaintiff to show (1) "a 'serious medical need' by demonstrating that 'failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain,'" and (2) "the defendant's response to the need was deliberately indifferent." Id. (some internal quotation marks omitted) (quoting McGuckin v. Smith, 974 F.2d 1050, 1059-60 (9th Cir. 1992)).

Deliberate indifference is established only where the defendant *subjectively* "knows of and disregards an *excessive risk* to inmate health and safety." Toguchi v. Chung, 391 F.3d 1051, 1057 (9th Cir. 2004) (emphasis added) (citation and internal quotation marks omitted). Deliberate indifference can be established "by showing (a) a purposeful act or failure to respond to a prisoner's pain or possible medical need and (b) harm caused by the indifference." Jett, 439 F.3d at 1096 (citation omitted). Civil recklessness (failure "to act in the face of an unjustifiably high risk of harm that is either known or so obvious that it should be known") is insufficient to establish an Eighth Amendment violation. Farmer v. Brennan, 511 U.S. 825, 836-37 & n.5 (1994) (citations omitted).

Plaintiff's causes of action allege that his Eighth Amendment rights were violated when he was denied mental health care "during his suffering" and he was not provided timely medical care. ECF No. 1 at 3. However, plaintiff does not make any factual allegations related to a denial of mental health care. There is no information regarding what kind of treatment he was denied, whether he notified anyone of his need for mental health treatment, or who denied him treatment.
////

Therefore, plaintiff's claim that his Eighth Amendment rights were violated when he was denied mental health care fails to state a claim.

As for the claims against Lewis and Hernandez, the only individuals identified as defendants, plaintiff alleges that they violated his rights by denying his grievance during two separate levels of review and by failing to discipline officials in charge to prevent similar delays in medical care from occurring in the future. Id. at 3-4.

It appears plaintiff is claiming that defendants were deliberately indifferent to his medical needs when they denied his grievance and failed to discipline staff, rather than though any direct denial of care. Prison administrators cannot willfully turn a blind eye to constitutional violations being committed by subordinates. See Jett, 439 F.3d at 1098 (prison administrators "are liable for deliberate indifference when they knowingly fail to respond to an inmate's requests for help" (citations omitted)). Therefore, an individual who denies an inmate appeal and who had the authority and opportunity to prevent an ongoing constitutional violation could potentially be subject to liability if the individual knew about an existing or impending violation and failed to prevent it. See id.

The facts alleged in the complaint do not support the inference that defendants' denial of plaintiff's grievance, or their failure to discipline staff, constituted a failure to prevent ongoing deliberate indifference to plaintiff's medical needs. When defendants denied plaintiff's grievance, plaintiff had already experienced the five hour delay in medical care. Plaintiff does not allege any further deliberate indifference after that incident. Accordingly, defendants had no opportunity to intervene at the time the deliberate indifference was occurring. Plaintiff argues that the defendants' denial of his grievances and failure to discipline staff failed to deter hypothetical future incidents in general, but failure to deter speculative future incidents does not support an Eight Amendment claim. For these reasons, the Eight Amendment claims against Lewis and Hernandez must be dismissed.

Because plaintiff may be able to identify defendants who directly denied him care, and may be able to allege additional facts to support liability for Lewis and Hernandez, leave to amend will be granted.

B. Grievances

To the extent plaintiff is attempting to allege a due process claim for the denial of his grievances, inmates lack a liberty interest in the processing of an inmate appeal because there is no "separate constitutional entitlement to a specific prison grievance procedure." Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003) (citing Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988)). A prison official's denial of an inmate appeal does not qualify as a constitutional violation. Id. As such, plaintiff lacks a liberty interest in the processing of his inmate appeal. Therefore, defendants' denials of plaintiff's grievance do not amount to a constitutional violation.

V. Leave to Amend

If plaintiff chooses to file a first amended complaint, he must demonstrate how the conditions about which he complains resulted in a deprivation of his constitutional rights. Rizzo v. Goode, 423 U.S. 362, 370-71 (1976). Also, the complaint must allege in specific terms how each named defendant is involved. Arnold v. Int'l Bus. Machs. Corp., 637 F.2d 1350, 1355 (9th Cir. 1981). There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Id.; Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). Furthermore, "[v]ague and conclusory allegations of official participation in civil rights violations are not sufficient." Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982) (citations omitted).

Plaintiff is also informed that the court cannot refer to a prior pleading in order to make his first amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supersedes the original complaint. Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967) (citations omitted), overruled in part by Lacey v. Maricopa County, 693 F.3d 896, 928 (9th Cir. 2012) (claims dismissed with prejudice and without leave to amend do not have to be re-pled in subsequent amended complaint to preserve appeal). Once plaintiff files a first amended complaint, the original complaint no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

VI. <u>Plain Language Summary of this Order for a Pro Se Litigant</u>

Your request to proceed in forma pauperis is granted and you are not required to pay the entire filing fee immediately.

The complaint is dismissed with leave to amend because the facts you have alleged are not enough to state a claim for relief. To sue because you were denied mental health care, you need to explain what care you needed, who failed to provide it, and how those people knew that you had a serious mental health need that required treatment. The allegations that Lewis and Hernandez denied your grievance and failed to punish officials for the delay in medical care do not show that they were deliberately indifferent to your medical needs. They can be liable only if they had an opportunity to step in and stop the violations. Finally, you cannot pursue a due process claim based on the denial of your grievances, because you are not entitled to any specific response to your grievances.

If you choose to amend your complaint, the first amended complaint must include all of the claims you want to make because the court will not look at the claims or information in the original complaint. **Any claims and information not in the first amended complaint will not be considered.**

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's request for leave to proceed in forma pauperis (ECF No. 2) is granted.

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). All fees shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

3. Plaintiff's complaint is dismissed with leave to amend.

4. Within thirty days from the date of service of this order, plaintiff may file an amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice. The amended complaint must bear the docket number assigned this case and must be labeled "First Amended Complaint." Plaintiff must file an

original and two copies of the amended complaint. Failure to file an amended complaint in accordance with this order will result in dismissal of this action.

    5. The Clerk of the Court is directed to send plaintiff a copy of the prisoner complaint form used in this district.

DATED: June 25, 2019

*/s/ Allison Claire*
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE